"ITALIA"—SOCIETA ANONIMA DI NAVI-GAZIONE v. DURNING, Collector of Customs.

District Court, S. D. New York.
Feb. 5, 1940.

878

Kirlin, Campbell, Hickox, Keating & Mc-Grann, of New York City (D. M. Tibbetts, of New York City, of counsel), for plaintiff.

John T. Cahill, U. S. Atty., of New York City (William L. Lynch, of New York City, of counsel), for defendant.

COXE, District Judge.

This is an action to recover steamship fines, imposed for bringing to the United States two aliens, Ernesto Fenili, and Caterina Fenili, his wife.

The two aliens came from Italy, and were respectively 69 and 70 years of age; both held visas as quota immigrants issued by the U. S. Consul at Naples, Italy; and each visa bore the initials of a "technical" adviser, but not of a medical adviser.

The principal ground of exclusion in the case of the husband was that he was afflicted with a physical defect, namely, senility, which might affect his ability to earn a living; and in the case of the wife that she was illiterate.

■ The absence of medical initials on the husband's visa indicated that he had not passed the medical examination at the port of embarkation (Regulations § 97, as amended Jan. 26, 1932). This was a clear warning to the steamship company that he might be excluded on arrival. It is also an answer to the contention that the disability could not have been detected by the exercise of reasonable precaution.

■ I do not think that the approval of the visa by the "technical" adviser is suffi-. cient to absolve the steamship company; this action was in no sense final, but merely allowed the alien to proceed at his own risk. There was still a chance that he might be admitted, even in the absence of the medical initials, under the discretionary power of the Secretary under Section 21 of the 1917 Act, 8 U.S.C.A. § 158. The steamship company had full knowledge of the risk it was running in accepting the alien under these circumstances, and it cannot now complain that it was in any way misled.

■ With respect to the wife, there is no contention that the illiteracy was not detected abroad. She was in fact accepted for passage, despite her illiteracy, on the ground that she was the wife of an admissible alien (8 U.S.C.A. § 136 (o). Her case necessarily fell when her husband was excluded, and with his exclusion went the chance that the steamship company might escape the payment of a fine.

I, therefore, direct a verdict for the defendant on both causes of action alleged in the complaint.